**LIN FENG, Petitioner,**

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

No. 05–3309–ag.

United States Court of Appeals, Second Circuit.

June 2, 2006.

Gary J. Yerman, New York, NY, for Petitioner.

Lynda R. Krause, Assistant United States Attorney (Stephen J. Sorenson, Acting United States Attorney, District of Utah, on the brief), Salt Lake City, UT, for Respondent.

PRESENT: THOMAS J. MESKILL, CHESTER J. STRAUB and SONIA SOTOMAYOR, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition is DENIED.

Lin Feng, A 96 193 037, petitions for review of the June 3, 2005 BIA decision affirming the decision of Immigration Judge ("IJ") Joanna Miller Bukszpan denying his applications for asylum and withholding of removal. We assume the parties' familiarity with the facts and procedural history of the case.

Where, as here, the BIA adopts and supplements the decision of the IJ, we review the decision of the IJ as supplemented by the BIA. *See Yu Yin Yang v. Gonzales,* 431 F.3d 84, 85 (2d Cir.2005). The IJ determined that Feng did not meet his burden of proof because he was unable to show that he practiced Falun Gong, gave conflicting testimony regarding his expulsion from technical school, failed to

present any evidence documenting the expulsion, and failed to adequately substantiate his claim of persecution. The BIA affirmed the IJ's decision, concluding that Feng failed to meet his burden of proof; that even if he had provided some proof of the harassment he allegedly suffered, it did not rise to the level of past persecution; and his past practice of Falun Gong was too insignificant to give rise to a well-founded fear of persecution.

"We review *de novo* questions of law regarding what evidence will suffice to carry any asylum applicant's burden of proof." *Islami v. Gonzales*, 412 F.3d 391, 396 (2d Cir.2005) (internal quotation marks omitted). We review agency factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

■ Feng first argues that the IJ erroneously found that he testified inconsistently with his asylum application. We agree. According to the IJ, Feng claimed in his written materials that his school expelled him because he taught Falun Gong to another student, but Feng later testified that the school expelled him because he passed out Falun Gong leaflets. Feng simply gave no such testimony. Instead, he merely speculated that the government discovered his practice of Falun Gong in one of two possible ways: either through the school or because government officials observed him passing out leaflets. That testimony does not conflict with his written account of how the school discovered his practice of Falun Gong.

■ Nonetheless, even viewing Feng's testimony as consistent, we agree with the BIA and IJ that Feng failed to carry his burden of proof. Feng merely asserted, in vague and conclusory terms, that he practiced Falun Gong, his school expelled him for it, and the government threatened to arrest him. The only other evidence he submitted were two newspaper articles, each several years old, reporting that the Chinese government was cracking down on Falun Gong practitioners. Feng's testimony was devoid of detail, and he submitted no reasonably available corroborating evidence to substantiate his claims. *See Diallo v. INS*, 232 F.3d 279 (2d Cir.2000).

In particular, as the IJ and BIA noted, Feng failed to provide any background material on the practice of Falun Gong that would allow the IJ to assess Feng's testimony on that subject. As the IJ noted, he failed to offer any letters or affidavits from his parents, friends or fellow Falun Gong practitioners, either in China or this country, corroborating any aspect of his general claims. He also failed to produce any corroborating evidence that he actually was expelled from school, let alone for the reason he claims. He failed to produce that evidence despite several adjournments and a specific order from the IJ giving him another two months to file all documentation. Given his vague testimony, the utter lack of corroboration, and the reasonable availability of specific pieces of corroborating evidence, we must conclude that Feng has failed to carry his burden of proof. *See Diallo*, 232 F.3d at 285.

For the foregoing reasons, the petition for review is DENIED. The pending motion for a stay of removal is DENIED as moot.